UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 10-194S |
| | : | |
| ANTWAN SAYGBE | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a revocation hearing was held on November 7, 2016, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to two of the three charged violations. At this hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Chief Judge William E. Smith.

Based upon the following analysis and the admission of Defendant, I recommend that Defendant be committed to the Bureau of Prisons for a term of four months' incarceration followed by a twenty-four month term of supervised release with the first three months on home confinement with electronic monitoring and with the following special conditions:

1. Defendant shall participate in a manualized behavioral program as directed by the Probation Office. Such program may include group sessions led by a counselor or participation in a program administered by the Probation Office.

2.      Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient) as directed and approved by the Probation Office.

3.      Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office.

4.      Defendant shall participate in a program of mental health treatment as directed and approved by the Probation Office.

5.      Defendant shall contribute to the cost of all ordered treatment and testing based on ability to pay as determined by the Probation Officer.

**Background**

On October 17, 2016, the Probation Office petitioned the Court for the issuance of an arrest warrant.  On that day, the District Court reviewed the request and ordered the issuance of an arrest warrant.  On November 7, 2016, Defendant was brought before the Court for a revocation hearing at which time he admitted to the following charge:

> **Violation No. 3:  Defendant shall refrain from any unlawful use of a controlled substance.**
>
> On or about May 26, 2015, on September 14, 2016 and on September 29, 2016, Defendant used marijuana as indicated by his admission and positive urine screen on that date.

At the November 7, 2016 revocation hearing, Defendant also admitted to the following amended charge:

> **Violation No. 1:  While on supervised release, Defendant shall not commit another federal, state or local crime.**
>
> On October 11, 2016, Defendant committed the offenses of Domestic Simple Assault and Battery and Disorderly Conduct, as

evidence by his nolo plea in Third Division District Court on
October 24, 2016.

As Defendant has admitted these charges, I find he is in violation of the terms and

conditions of his supervised release.

At the November 7, 2016 hearing, the Government made an oral motion to amend the

Violation Petition to dismiss the following charge:

> **Violation No. 2: While on supervised release, Defendant shall
> not commit another federal, state or local crime.**
>
> On October 12, 2016, Defendant committed the offense of Threats
> to Public Officials, as evidenced by his arrest by members of the
> Rhode Island State Police on that date.

The Government's oral motion to dismiss this charge was granted.

### Recommended Disposition

Section 3583(e)(2), provides that if the Court finds that Defendant violated a condition of

supervised release, the Court may extend the term of supervised release if less than the maximum

term was previously imposed.  The maximum term of supervised release was previously imposed.

Therefore, the term cannot be extended.

Section 3583(e)(3), provides that the Court may revoke a term of supervised release and

require the Defendant to serve in prison all or part of the term of supervised release authorized by

statute for the offense that resulted in such term or supervised release without credit for time

previously served on post release supervision, if the Court finds by a preponderance of evidence

that the defendant has violated a condition of supervised release, except that a defendant whose

term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant

offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or

1 year for a Class E felony or a misdemeanor.  If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence.  Defendant was on supervision for a Class C felony.  Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  The authorized statutory maximum term of supervised release is three years.  There has not been any term of imprisonment previously imposed for violations of supervised release.  Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 provides for three grades of violations (A, B, and C).  Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years.  Grade B violations are

-4-

conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision.  Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision.  Defendant has committed a Grade C violation.  Therefore, the Court may revoke, extend or modify the conditions of supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.  Neither of these provisions apply to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which

revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  There is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) provides that the criminal history category is the category applicable at the time Defendant was originally sentenced.  Defendant had a Criminal History Category of V at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.  Defendant committed a Grade C violation and has a Criminal History Category of V.  Therefore, the applicable range of imprisonment for this violation is seven to thirteen months.

Section 7B1.5(b) provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant first came before this Court in 2010 as a troubled twenty year old young man. He pled guilty to unlawful possession of a firearm by a convicted felon and received a below-guidelines sentence of sixty months' imprisonment to be followed by a five-year term of supervised release.  Despite his young age, Defendant had a significant criminal history and was a Category V at sentencing.  His history includes repeated instances of violence and threatening behavior.

-6-

Defendant commenced supervised release on April 6, 2015.  He has struggled to refrain from smoking marijuana, and he has not made much progress securing stable employment or job skills.  He has also struggled with staying out of legal troubles.  Within two months of release, Defendant picked up a new state felony assault charge.  See State v. Saygbe, 62-2015-05723. Defendant was held for nearly a year on that charge until it was dismissed on April 19, 2016.  The circumstances also resulted in a probation violation finding and incarceration in State v. Saygbe, P2-2010-0653A.[1]

The Government filed a Violation Petition based on the 2015 charge.  (Document No. 17). Defendant appeared in this Court on the Petition on May 31, 2016, and the Government moved to dismiss, presumably due to the dismissal of the underlying felony assault charge and the length of Defendant's state custody as a probation violator.  Approximately four months later, Defendant was again arrested and charged with domestic assault.  See State v. Saygbe, 31-2016-09467.  He pled nolo on October 24, 2016 and received a one-year suspended sentence with probation and a referral for mental health counseling.  To make matters worse, Defendant was charged with threatening a state court sheriff on October 12, 2016.  See State v. Saygbe, 32-2016-09474.  This charge was not pursued by the State.

Defendant had admitted to Grade C violations, and the guideline range is seven to thirteen months.  The Government argues for a low-end sentence of seven months to be followed by

---

[1] According to his Presentence Investigation Report, that case is a felony assault conviction arising out of an incident where Defendant shot pellets from a paint ball gun at four victims (three of whom were minor children and one of whom required medical care).  Defendant received a ten-year sentence with nine months to serve and the remaining 111 months suspended with probation.

twenty-nine months of supervised release.  Defendant's counsel argued for a two- or three-month jail sentence to be followed by a period of home confinement at his mother's residence.

On balance, I conclude that a split-sentence between incarceration and home confinement is a reasonable sanction for this first violation.  I recommend a sentence of four months' imprisonment to be followed by twenty-four months of supervised release with the first three months to be served on home confinement with electronic monitoring residing with this mother.

### Conclusion

After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), I recommend that Defendant be committed to the Bureau of Prisons for a term of four months' incarceration followed by a twenty-four month term of supervised release with the first three months on home confinement with electronic monitoring and with the following special conditions:

1.      Defendant shall participate in a manualized behavioral program as directed by the Probation Office.  Such program may include group sessions led by a counselor or participation in a program administered by the Probation Office.

2.      Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient) as directed and approved by the Probation Office.

3.      Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office.

4.      Defendant shall participate in a program of mental health treatment as directed and approved by the Probation Office.

5.      Defendant shall contribute to the cost of all ordered treatment and testing based on ability to pay as determined by the Probation Officer.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt.  Fed. R. Crim. P. 59; LR Cr 57.2.  Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 16, 2016